5:20-cv-1468

**"EXHIBIT A"**
**INDEX OF MATTERS BEING FILED**

1)    ALL EXECUTED PROCESS

   i.   Notice of Service of Process for Defendant Dolgencorp of Texas, Inc. d/b/a Dollar
        General Store #10332 located in Marion, Texas

2)    ALL PLEADINGS AND ANSWERS TO PLEADINGS

   i.   Plaintiff's Original Petition
   ii.  Defendant Dolgencorp of Texas, Inc. d/b/a Dollar General Store #10332 located in
        Marion, Texas' Original Answer and Jury Demand

3)    ALL ORDERS SIGNED BY THE STATE JUDGE

   i.   No orders were entered.

4)    STATE COURT DOCKET SHEET

5)    LIST OF ALL COUNSEL OF RECORD, INCLUDING ADDRESSES, TELEPHONE
      NUMBERS AND PARTIES REPRESENTED

      ATTORNEY FOR PLAINTIFF:
      Erin Anderson Spencer
      TBN: 24104963
      Spencer, Anderson, PLLC
      4416 Ramsgate, Suite 202
      San Antonio, Texas 78230
      Phone: (210) 699-0004
      erin@spencerandersonfirm.com

      ATTORNEY FOR DEFENDANT:
      Erik R. Wollam
      Attorney-in-Charge
      Texas Bar No.: 00788705
      Federal ID: 17663
      Lucero | Wollam, P.L.L.C.
      159 Flat Rock
      Wimberley, Texas 78676
      Telephone: (512) 485-3500
      Facsimile: (512) 485-3501
      Email: ewollam@lucerowollam.com

**NOTICE OF SERVICE OF PROCESS**

## Transmittal Number: **22357660**

(Click the Transmittal Number to view your SOP)

Pursuant to client instructions, we are forwarding this summary and Notice of Service of Process.

| | |
|---|---|
| **Entity:** | Dolgencorp of Texas, Inc. |
| **Entity I.D. Number:** | 2172518 |
| **Entity Served:** | Dolgencorp of Texas, Inc |
| **Title of Action:** | Patricia Roberts vs. Dolgencorp of Texas, Inc. |
| **Document(s) type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Guadalupe County District Court, Texas |
| **Case/Reference No:** | 20-2627-CV-A |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/30/2020 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |

**Sender Information:**
Erin Anderson Spencer
210-699-0004

**Primary Contact:**
Aimee  Fuqua
Dollar General Corporation

**Electronic copy provided to:**
Joann Lampe
Stephanie Frank
Rachel Kell
Jere Cowan

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

**CAUSE NO. 20-2627-CV-A**
**CITATION BY MAILING**

THE STATE OF TEXAS

TO:    DOLGENCORP OF TEXAS, INC
       CORPORATION SERVICE COMPANY DBA CSC- LAWYERS INCORPORATING SERVICE COMPANY
       211 E. 7TH STREET
       SUITE 620
       AUSTIN, TX  78701-3218

Defendant in the hereinafter styled and numbered cause:

"YOU have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 days after you were served this citation and PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE, a default judgment may be taken against you." In the above numbered cause, styled,

PATRICIA ROBERTS
 vs.
DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332

Said petition was filed in said Court on the **20TH DAY OF NOVEMBER, 2020**, by:

ERIN SPENCER
SCOTT & ASSOCIATES PC
PO BOX 115220
CARROLLTON, TX  75011

Issued and given under my hand and seal of said Court at office, on this the 25th day of November, 2020.

LINDA BALK, District Clerk
Guadalupe County, Texas

By _____

OFFICER'S RETURN BY MAILING

Came to hand on the _____ day of _____, 20____ and executed by mailing certified mail, restricted delivery, a true copy of this citation together with a copy of  PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE at the following address.

Service upon the Defendant, _____ is evidence by the return receipt incorporated herein and attached hereto, signed by

_____, on date of delivery of _____, and return receipt filed in the District Clerk's office on _____.

To certify which witness my hand officially.

LINDA BALK, District Clerk
Guadalupe County, Texas
By _____ Deputy

ATTACH RETURN RECEIPT (S)
WITH ADDRESSEE'S SIGNATURE

SHERIFF'S SERVICE FEE NOT
COLLECTED BY DIST. CLERK'S OFFICE

**RESPONDENT'S COPY**

DOLGENCORP 0002

20-2627-CV-A

~~<<CaseNumber> A~~

CAUSE NO. _____

Electronically Filed
11/20/2020 4:37 PM
Linda Balk
Guadalupe County District Clerk
Diana Alaniz

| | | |
|---|---|---|
| **PATRICIA ROBERTS,** | § | **IN THE DISTRICT COURT** |
| *PLAINTIFF.* | § | |
| | § | |
| **VS.** | § | |
| | § | **____ JUDICIAL DISTRICT** |
| **DOLGENCORP OF TEXAS, INC., AND** | § | |
| **DOLLAR GENERAL #10332,** | § | |
| *DEFENDANT(S).* | § | |
| | § | **GUADALUPE COUNTY, TEXAS** |

---

### PLAINTIFF'S ORIGINAL PETITION, WITH REQUEST FOR DISCLOSURE

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES PATRICIA ROBERTS,** hereinafter referred to by name or as Plaintiff, and complains of **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** hereinafter referred to by name or as Defendant(s), and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.      Plaintiff, **PATRICIA ROBERTS,** resides in Charlotte, Atascosa County, Texas.

3.      The last three numbers of **PATRICIA ROBERTS,** drivers license number are 518.

4.      Defendant, **DOLGENCORP OF TEXAS, INC,** a Foreign for Profit Corporation and may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, **CORPORATION SERVICE COMPANY DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY** registered office at 211 E 7th Street, Suite 620 Austin, Texas 78701-3218.  Service of said Defendant as described above can be affected by certified mail, return receipt requested.

5.      Defendant, **DOLLAR GENERAL #10332,** doing business in San Antonio, Bexar County, Texas as an independent operator and may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, **CORPORATION SERVICE COMPANY DBA CSC – LAWYERS INCORPORATING SERVICE COMPANY,** registered office at 211 E 7th Street, Suite 620 Austin, Texas 78701-3218.  Service of said Defendant as described above can be affected by certified mail, return receipt requested.

### III.

### JURISDICTION AND VENUE

6.      The subject matter in controversy is within the jurisdictional limits of this court.

7.      Plaintiff seeks:

a.      Any monetary relief of over $200,000.00 but not more than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

8.      This court has jurisdiction over Defendant, **DOLGENCORP OF TEXAS, INC,** a Foreign for Profit Corporation, and **AVIS CITY BASE LANDING(TX3),** doing

business in San Antonio, Bexar County, Texas as an independent operator, because said Defendant(s) purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

9.     Plaintiff would show that Defendant(s), had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

10.     Defendant(s),engaged in the conduct of providing retail and/or food services to the general public in the State of Texas, and currently owns and/or operates an organization that provides consumer goods, food, and services to the community. Specifically, the organization at the location of this incident, which is 851 W. FM 78, Marion Texas.    Defendant is continually engaged in providing consumer goods, food, and services of the community, such as the Plaintiff, in Guadalupe County, Texas.

11.     Venue in Guadalupe County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

## IV.
## MISNOMER

12.     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter
*ROBERTS V. DOLGEN, ET AL*          *PAGE 3 OF 12*
*Plaintiffs Original Petition, TRCP 193.7 Notice, and RFD.*

DOLGENCORP 0005

egos" of parties named herein. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## V. <u>FACTS</u>

13.     At all times material hereto, Defendants, **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** had control over of the premises located at 851 W. FM 78, Marion Texas 78124 .

14.     On December 12, 2018, Plaintiff, **PATRICIA ROBERTS,** was directed by a staff member of Dollar General #10332 851 W. FM 78, Marion, Texas 78124 to use a faulty stool/step ladder to access an upper shelf stocked with consumer goods.

15.     The stool/step ladder collapsed, and Plaintiff was injured when she violently struck the ground with her back, pelvis, hips, sacrum and coccyx.

16.     Plaintiff's bodily injuries occurred as a direct result of and were proximately caused by the dangerous condition described above, which Defendant's knew or, in the exercise of ordinary care, should have known existed.

## VI.
## CAUSES OF ACTION

### A. NEGLEGANCE

17.     At all times mentioned herein, Defendants **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** operated the property in question, located at Dollar General #10332 851 W. FM 78, Marion, Texas 78124.

18.     At all times mentioned herein, Defendants, **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** had such control over the premises in question that Defendants owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

21.    Defendants, **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** agents, servants, and employees negligently permitted a hazard to exist and negligently or willfully allowed such condition to continue, and negligently or willfully failed to warn Plaintiff of the condition of the door.  Defendant's, **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** Defendant's agents, servants, and employees knew, or should have known, and that there was likelihood of a person being injured as occurred to Plaintiff.

22.    At all times pertinent herein, Defendants **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** and any of Defendant's agents, who were acting in the scope of their employment, had a duty to exercise the degree of care to avoid harm to others under circumstances similar to those described herein. Plaintiff's injuries were proximately caused by Defendant's negligent, careless and reckless disregard of said duty. The negligent, careless and reckless disregard of duty by Defendant, consisted of, but is not limited to, the following acts and omissions:

A.    In that Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances, and had a duty to inspect the premises;

B.    In that Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** failed to maintain the premises in an effort to avoid the injuries complained of creating a condition that posed an unreasonable risk of harm;

C.    In that Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** failed to exercise reasonable care to eliminate or reduce the risk of harm as a person using ordinary

prudent care would have done;

E.    In that Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** in a deficient manner ignored a dangerous condition that existed on the premises;

F.    In that Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** failed to use such reasonable care as would be expected would by a person of ordinary prudence under the same or similar circumstances and that failure of care caused injuries to another.

### B.    NEGLIGENT ACTIVITY

23.    In that Defendant(s), **AVIS RENT A CAR SYSTEM, LLC, AVIS BUDGET CAR RENTAL, LLC, AND  AVIS CITY BASE LANDING(TX3),** engaged in malfeasance by acting in affirmative contemporaneous conduct resulting in the injury of the Plaintiff by or as a concomitant result of the activity itself. *Olivo,* 952 S.W.2d at 527; *Keetch v. Kroger Co.,* 845 S.W.2d 262,264 (Tex. 1992)

### C.    RESPONDEAT SUPERIOR

24.    At all times mentioned herein, Defendant(s), **AVIS RENT A CAR SYSTEM, LLC, AVIS BUDGET CAR RENTAL, LLC, AND  AVIS CITY BASE LANDING(TX3),** owned the property in question, known as **Dollar General #10332 851 W. FM 78, Marion, Texas 78124.**

25.    At all times mentioned herein, Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** had such control over the premises in question that Defendant's, Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** owed certain duties to Plaintiff, the breach of which proximately caused the injuries set forth herein.

26.    Defendant, Defendant(s), **DOLGENCORP OF TEXAS, INC., AND**

**DOLLAR GENERAL #10332,** Defendant's agents, servants, and employees negligently, during business hours and negligently or willfully allowed a hazardous condition to exist, such condition to continue and negligently or willfully failed to warn Plaintiff of the condition.   This condition existed despite the fact that Defendant Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** or Defendant's agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured as occurred to Plaintiff.

27.    Furthermore, Plaintiff would show the court that the condition which caused harm to the Plaintiff was the result of negligent actions by an employee of the Defendant and such actions constituted a negligent and contemporaneous activity. In a premises-liability case, the landowner owes the invitee two duties: a duty to keep the premises reasonably safe and a duty not to injure the invitee through contemporaneous negligent activity as seen in the present case. See, e.g., State v. Shumake, 199 S.W.3d 279, 284 (Tex. 2006).

### D.  PREMISES LIABILITY

28.    At all times pertinent herein, Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** and any of Defendant's agents, who were acting in the scope of their employment, were guilty of negligent conduct toward the Plaintiff in:

> A.    Failing to properly inspect and maintain the area in question to discover the dangerous condition;
>
> B.    Failing to maintain the area in question in a reasonably safe condition;
>
> C.    Failing to give adequate and understandable warnings to Plaintiff of the unsafe condition of the area;

*ROBERTS V. DOLGEN, ET AL*          *PAGE 7 OF 12*
*Plaintiffs Original Petition, TRCP 193.7 Notice, and RFD.*

DOLGENCORP 0009

D.     Failing to give warnings to Plaintiff of the unsafe condition;

E.     Failing to address the conditions caused by the Defendant which resulted in the Plaintiff's injuries.

## VII.
## PROXIMATE CAUSE

29.     Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant(s), taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VIII.
## EXEMPLARY DAMAGES

30.     Defendant, Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** acts or omissions described above, when viewed from the standpoint of Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332,** had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

31.     Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant(s), **DOLGENCORP OF TEXAS, INC., AND DOLLAR GENERAL #10332.**

## IX.
## DAMAGES FOR PLAINTIFF

32. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant(s) acts as described herein, Plaintiff was caused to suffer grievous injuries to her hands, wrists, legs, shoulders, back, and neck, and to endure anxiety, pain, and illness resulting in damages more fully set forth below.

33. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has incurred the following damages:

    a. Reasonable medical care and expenses in the past. Plaintiff, incurred these expenses for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in the county they were incurred;

    b. Reasonable and necessary medical care and expenses, which will, in all reasonable probability, be incurred in the future;

    c. Physical pain and suffering in the past;

    d. Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

    e. Physical impairment in the past;

    f. Physical impairment which will, in all reasonable probability, be suffered in the future;

    g. Loss of wages in the past;

    h. Loss of earning capacity which will, in all reasonable probability, be incurred in the future;

*ROBERTS V. DOLGEN, ET AL*        *PAGE 9 OF 12*
*Plaintiffs Original Petition, TRCP 193.7 Notice, and RFD.*

    i.   Mental anguish in the past;

    j.   Mental anguish which will, in all reasonable probability, be suffered in the future;

    k.   Fear of future disease or condition;

    l.   Disfigurement; and,

    m.   Cost of medical monitoring and prevention in the future.

34.    By reason of the above, Plaintiff has suffered losses and damages and is entitled to monetary relief of over $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees in a sum within the jurisdictional limits of the Court.

## X.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

35.    Plaintiff further requests both pre-judgment and post-judgment interest on all damages as allowed by law.

## XI.
## REQUESTS FOR DISCLOSURE

36.    Pursuant to Rule 194 of the Texas Rules of Civil Procedures, you are requested to disclose and respond within fifty (50) days after service of the citation and petition with the information or material described in Rule 194.2 (a) through (l).

## XII.
## JURY DEMAND

37.    In accordance with Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes application for a jury trial and requests that this cause be set on the Court's Jury Docket. Plaintiff acknowledges payment this date of the required jury

fee.

## XIII.
## NOTICE OF SELF AUTHENTICATION

38.     Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity, including, but not limited to:

1.     Pain and suffering in the past;
2.     Pain and suffering in the future;
3.     Mental anguish in the past;
4.     Mental anguish in the future;
5.     Past medical expenses;
6.     Future medical expenses;
7.     Physical impairment in the past;
8.     Physical impairment in the future;
9.     Physical disfigurement in the past;
10.    Physical disfigurement in the future;
11.    Lost wages in the past;
12.    Lost future wages;

13.   Loss of future wage-earning capacity;
14.   Exemplary Damages;
15.   Loss of use;
16.   Property Damage;
17.   Pre-judgment interest;
18.   Post-judgment interest.

RESPECTFULLY SUBMITTED,

/S/ ERIN ANDERSON SPENCER

By:_____

 _Jason C. Spencer
Texas Bar No. 24053488
Email:  Jason@spencerandersonfirm.com
 _Travis R. Anderson
Texas Bar No. 24080770
Email:  Travis@spencerandersonfirm.com
X Erin Anderson Spencer
Texas Bar No. 24104963
Email: Erin@spencerandersonfirm.com
4416 Ramsgate, Suite 202
San Antonio, TX 78230
Tel. (210) 699-0004
Fax. (210) 699-0005
Attorney for Plaintiff

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

DOLGENCORP 0014

Electronically Filed
12/17/2020 9:44 AM
Linda Balk
Guadalupe County District Clerk
Jody Perry

CAUSE NO. 20-2627-CV-A

| | | |
|---|---|---|
| PATRICIA ROBERTS | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 2nd 25th JUDICIAL DISTRICT |
| | § | |
| DOLGENCORP OF TEXAS, INC., AND | § | |
| DOLLAR GENERAL #10332 | § | GUADALUPE COUNTY, TEXAS |

## DEFENDANT'S ORIGINAL ANSWER AND JURY DEMAND

TO THE HONORABLE JUDGE OF THE COURT:

DEFENDANT, DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL STORE #10332 LOCATED IN MARION, TEXAS, files this Original Answer to the *Plaintiff's Original Petition* and would respectfully show the Court the following:

### GENERAL DENIAL

1.   Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies all allegations contained in the Plaintiff's pleadings and demands proof of every fact and matter essential to the Plaintiff's case.

### DEFENSES TO PUNITIVE DAMAGES AND ECONOMIC DAMAGES

2.   Answering further, without waiving the foregoing, should Plaintiff seek exemplary damages Defendant asserts all provisions of Chapter 41 of the Texas Civil Practice & Remedies Code and all of its appropriate subsections which limit the amount of exemplary damages which may be awarded. Further, Defendant asserts the provisions of Chapter 41 that limits recovery of medical expenses to the amount actually paid by or on behalf of the claimant.

3.   Answering further, without waiving the foregoing, Defendant asserts the limitation on recovery set forth in Texas Civil Practice & Remedies Code section 18.091(a) and (b) which limits awards for loss of earning capacity to net loss after federal income tax.

1

## DENIAL OF CONDITIONS PRECEDENT

4.      Answering further, without waiving the foregoing, should Plaintiff assert that all conditions precedent to recovery have occurred, Defendant denies that all conditions precedent entitling Plaintiff to recovery have occurred. Specifically, Defendant has asserted a general denial and Plaintiff carries the burden of proof on all causes of action and the essential elements of each cause of action.

## RULE 193.7 NOTICE

5.      Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendant gives actual notice to Plaintiff that any and all documents produced by Plaintiff in response to written discovery may be used against Plaintiff at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the documents.

## DEMAND FOR JURY TRIAL

6.      Defendant respectfully demands a jury trial of all issues in this cause. Defendant hereby tenders the appropriate fee to the clerk of the court, as required by Texas Government Code § 51.604.

## PRAYER

Defendant DOLGENCORP OF TEXAS, INC. D/B/A DOLLAR GENERAL STORE #10332 LOCATED IN MARION, TEXAS prays that the Plaintiff take nothing by reason of this suit, that the Plaintiff be discharged with her costs, and that the Defendant be granted all further relief, both general and special, at law and in equity, to which it may be justly entitled.

DOLGENCORP 0016

Respectfully submitted,

**LUCERO ⎮ WOLLAM, P.L.L.C.**

/s/ Erik R. Wollam
_____
ERIK R. WOLLAM
TBN: 00788705
159 Flat Rock
Wimberley, Texas 78676
Telephone: (512) 485-3500
Facsimile: (512) 485-3501
Email: ewollam@lucerowollam.com

**ATTORNEY FOR DEFENDANT
DOLGENCORP OF TEXAS, INC. D/B/A
DOLLAR GENERAL #10332 LOCATED
IN MARION, TEXAS**


## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of December, 2020, a true and correct copy of the foregoing was sent or delivered to all parties through counsel of record pursuant to Tex.R.Civ.P. Rule 21a.

***Via Electronic Service:***
Erin Anderson Spencer
Spencer, Anderson, PLLC
4416 Ramsgate, Suite 202
San Antonio, Texas 78230


/s/ Erik R. Wollam
_____
ERIK R. WOLLAM

3

DOLGENCORP 0017

12/28/2020
judicial.co.guadalupe.tx.us/CaseDetail.aspx?CaseID=9...
Case 5:20-cv-01468-XR Document 1-1 Filed 12/28/20 Page 19 of 19

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : Guadalupe    Help

# REGISTER OF ACTIONS
## CASE NO. 20-2627-CV-A

| PARTY INFORMATION | | |
|---|---|---|

| | | Attorneys |
|---|---|---|
| Defendant | **DOLGENCORP OF TEXAS, INC** | **ERIK R. WOLLAM**<br>*Retained*<br>512-485-3500(W) |
| Defendant | **DOLLAR GENERAL #10332** | **ERIK R. WOLLAM**<br>*Retained*<br>512-485-3500(W) |
| Plaintiff | **ROBERTS, PATRICIA** | **ERIN SPENCER**<br>*Retained* |
| | | **TRAVIS ANDERSON**<br>*Retained*<br>210-699-0004(W) |

| EVENTS & ORDERS OF THE COURT | |
|---|---|

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 11/20/2020 | **Docket Sheet** |
| 11/20/2020 | **Original Petition (OCA)** |
| 11/24/2020 | **Request for Process** |
| 11/24/2020 | **Request for Process** |
| 11/25/2020 | **Citation Issued** |
| 11/25/2020 | **Citation** |
| | DOLGENCORP OF TEXAS, INC                    Unserved |
| 11/25/2020 | **Citation Issued** |
| 11/25/2020 | **Citation** |
| | DOLLAR GENERAL #10332                    Unserved |
| 12/17/2020 | **Original Answer** |

| FINANCIAL INFORMATION | |
|---|---|

| | | | |
|---|---|---|---|
| | **Defendant** DOLGENCORP OF TEXAS, INC | | |
| | Total Financial Assessment | | 40.00 |
| | Total Payments and Credits | | 40.00 |
| | **Balance Due as of 12/28/2020** | | **0.00** |
| 12/17/2020 | Transaction Assessment | | 40.00 |
| 12/17/2020 | TexFile Payment | Receipt # DC-266403     DOLGENCORP OF TEXAS, INC | (40.00) |
| | | | |
| | **Plaintiff** ROBERTS, PATRICIA | | |
| | Total Financial Assessment | | 496.00 |
| | Total Payments and Credits | | 496.00 |
| | **Balance Due as of 12/28/2020** | | **0.00** |
| 11/23/2020 | Transaction Assessment | | 282.00 |
| 11/23/2020 | TexFile Payment | Receipt # DC-265557     ROBERTS, PATRICIA | (282.00) |
| 11/24/2020 | Transaction Assessment | | 214.00 |
| 11/24/2020 | TexFile Payment | Receipt # DC-265612     ROBERTS, PATRICIA | (214.00) |